UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARRY CHARLES YACKS,

        Debtor.

_____/

Case No. 04-10577
Hon. Scott W. Dales
Chapter 7

TRUSTEES FOR THE BRICKLAYERS
AND ALLIED CRAFTWORKERS'
PENSION FUND, TRUSTEES FOR THE
MICHIGAN BRICKLAYERS AND ALLIED
CRAFTWORKERS' HEALTH CARE
FUND, TRUSTEES FOR THE MICHIGAN
BRICKLAYERS AND ALLIED
CRAFTWORKERS' APPRENTICESHIP &
TRAINING FUND, TRUSTEES FOR THE
MICHIGAN BRICKLAYERS AND ALLIED
CRAFTWORKERS VACATION FUND,
TRUSTEES FOR THE INTERNATIONAL
MASONRY INSTITUTE FUND, TRUSTEES
FOR THE INTERNATIONAL
BROTHERHOOD OF BRICKLAYERS AND
ALLIED CRAFTWORKERS PENSION
FUND, TRUSTEES FOR THE MICHIGAN
CARPENTERS' COUNCIL PENSION
FUND, TRUSTEES FOR THE MICHIGAN
CARPENTERS COUNCIL HEALTH AND
WELFARE FUND, TRUSTEES FOR THE
MICHIGAN CARPENTERS' COUNCIL
APPRENTICESHIP AND TRAINING
FUND, and TRUSTEES FOR THE
MICHIGAN CARPENTERS' COUNCIL
ANNUITY FUND,

Adversary Pro. No. 04-88984

        Plaintiffs,

v.

BARRY C. YACKS,

        Defendant.

_____/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:   HONORABLE SCOTT W. DALES
Chief United States Bankruptcy Judge

On September 27, 2005, the court entered a Consent Judgment for Nondischargeability of Debt (the "Original Judgment," DN 35) in favor of Plaintiffs, Michigan BAC Fringe Benefit Funds and Michigan Carpenters' Fringe Benefit Funds (collectively, the "Plaintiffs"), against chapter 7 debtor Barry Yacks (the "Defendant"). From the docket, it appears that the Plaintiffs have taken steps to collect the Original Judgment but have, so far, been unsuccessful.  As they near the expiration of the ten year limitations period for enforcement of judgments prescribed in M.C.L. § 600.5809(3), the Plaintiffs filed their *Ex Parte* Motion to Renew Judgment Pursuant to LBR 9013 and Fed. R. Bankr. P. 7069 (the "Motion," DN 46).  For the following reasons the court will grant the Motion.

Federal courts, including bankruptcy courts, borrow the forum state's procedures for enforcing judgments, so the Plaintiffs' Motion requires the court to consult Michigan's law in this respect.  *See* Fed. R. Civ. P. 69; Fed. R. Bankr. P. 7069 (making Fed. R. Civ. P. 69 applicable in adversary proceedings).  Without timely action to renew the Original Judgment, the Michigan statute of limitations for enforcing judgments will make it unenforceable on September 27, 2015 — ten years "from the time of the rendition of the judgment."[1]  The Plaintiffs filed their Motion within the applicable limitation period, and the filing of the Motion constitutes an "action" that is "brought on

---

[1] Because federal judgments are effective when entered, the court regards September 27, 2005 as the date the court "rendered" the Original Judgment, even though the Honorable James D. Gregg signed the document on September 23, 2005.  *See* Fed. R. Bankr. P. 9021; *see also Stark v. Fifarek (In re Fifarek),* 370 B.R. 754, 760-61 (Bankr. W.D. Mich. 2007) (*citing Atlantic Richfield Co. v. Monarch Leasing Co.*, 84 F.3d 204 (6th Cir. 1996)).

the judgment" within the meaning of M.C.L. § 600.5809(3), so the request is timely. *See*

*Van Reken v. Darden, Neef and Heitsch*, 674 N.W.2d 731 (Mich. App. 2004) (*ex parte*

motion to modify and extend judgment obtained against attorney and law firm in legal

malpractice action constituted "an action" that was sufficient to renew the judgment).

The court may grant the Motion without a hearing, as that is evidently the practice

for renewing judgments in Michigan. *Id.*; *see also* MC 390 (3/11) (official form for *ex*

parte motion, prescribed under M.C.L. §§ 600.2903 and 600.5809, and available at

http://courts.mi.gov/administration/scao/forms). In following the state practice, and

despite the court's preference for conducting hearings on notice to affected persons, the

court is not concerned about the *ex parte* nature of the relief or possible denial of due

process because the renewal of the Original Judgment is a continuation of the original

adversary proceeding that already resulted in a decision on the merits. The renewal

process is not an opportunity to revisit the court's (and the parties') decision to resolve

the controversy as they did nearly ten years ago. *Cf. Van Reken*, 674 N.W.2d at 735.

Rather, the renewal is a ministerial act.

Moreover, to the extent that the Plaintiffs' statement of amounts currently due

under the Original Judgment contains inaccuracies that a hearing on the Motion might

have detected, the Defendant is free to raise any such issues in supplemental proceedings.

*See Fifarek*, 370 B.R. at 762 (recognizing, in *dicta*, that court may grant *ex parte* motion

to renew judgment because defendant's rights are protected by other procedures).

Accordingly, because the relief requested in the *ex parte* Motion is consistent with

applicable state law, the court will grant the Motion and renew the Original Judgment.

Finally, the court notes that practical considerations and recent developments concerning the appropriate agency to execute federal writs may counsel in favor of domesticating the renewed judgment in accordance with the Uniform Enforcement of Foreign Judgments Act, M.C.L. §§ 691.1171 – 691.1179, instead of seeking enforcement in the somewhat awkward manner that results from federal borrowing of state procedures under Fed. R. Civ. P. 69.  More specifically, the court's usual practice of authorizing (but not requiring) state officials and others to execute writs may be subject to legal challenges.  *See Hauk v Valdivia (In re Valdivia)*, 520 B.R. 95 (Bankr. E.D. Mich. 2014) (refusing to direct or authorize officers other than U.S. Marshals to execute on judgment, citing 28 U.S.C. § 566(c)), *aff'd*, Slip Op. Case No. 14-14429 (E.D. Mich. March 3, 2015)).  The court encourages the Plaintiffs to consider their alternatives.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 46) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter the renewed judgment on the form the Plaintiffs submitted with the Motion.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Dianne S. Ruhlandt, Esq., Barry C. Yacks, Paul I. Bare, Esq., and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 6, 2015**



_____
Scott W. Dales
United States Bankruptcy Judge